Bueein, Chief Justice.
 

 We approve of the construction put upon this will by the Judge who tried the cause. The expression, “his part,” embraces perhaps literally by reason of the words added “of all that is willed to him,” the whole property bequeathed to the legatees respectively, in the former part of the will, as well as that given in the residuary clause. But certainly upon a reasonable intendment, all is embraced. There is a limitation over upon certain events. It was much more likely that this was meant of the specific and valuable chattels bequeathed, than of the residue merely, which may have consisted, and probably did, of but few articles, and those of so little value, and so perishable as not to be worth preserving in the family. The case of
 
 Doe ex dem Gibson
 
 v
 
 Gale,
 
 (9
 
 Eng. C. L. R.
 
 218,) is not so strong as this, and shows this to be the proper signification. ,
 

 Upon the other point we do not think, that the words
 
 *506
 
 are to be construed as creating a condition precedent to be strictly and literally complied with, before the remainder can vest, or rather the second estate arise.— The absolute property is given in the first place, and then in certain events limited over, by way of executory disposition, which we must suppose the testatrix intended to take effect, as far-as it could, whenever the first estate cither in the whole or a part of the property should fail. It is plain this was the actual intention, for the present plaintiff is the favorite throughout. His legacy is absolute, and not to go over to any person in any event, and he is to succeed upon the death of one of his half brothers, without leaving descendants, to his share with the survivor, and upon the death of both under like circumstances, to the whole. It seems clear then, that whenever one of them should die, not leaving issue, his share was to survive at all events, and the only question is to whom. The answer is
 
 Wyrioit,
 
 and the other brother, if the latter then “survived,” but if he was
 
 not
 
 a survivor then
 
 Wyriott
 
 alone. This follows necessarily Crom-these two circumstances : that it was the positive purpose, evidently, to limit over the estates of all the sons except
 
 Wyriott,
 
 upon their respective deaths without issue, though the persons to take in those events depended to a. certain extent on a contingency, and the survivorship of
 
 Wyriott
 
 forms ,no part of that contingency. His interest is to vest at all events, whether he be dead: or alive, when one or both of the brothers die. As to him the only contingency is, that the first taker should be dead not leaving issue; as to each of the others there was a farther contingency, that
 
 he
 
 must be living, when the one whose share went over died. The inability of
 
 Jordan
 
 or
 
 Martin to
 
 succeed
 
 to ¡my part,
 
 can. not also exclude
 
 Wyriott,
 
 because upon the death of both of the others, the whole was to belong to him or to his representatives, and therefore he takes whatever in the event, neither of the others could take. The real qnestion is, whether the limitation over is absolute, and upon the single contingency of the first taker leaving no issue at his death, upon which it would seem there cannot he two'
 
 *507
 
 opinions. That being established,
 
 the rest follows
 
 of course. There is no disposition in favor of the issue of one dying before, and therefore they cannot take — nor can his executor, because there never was any thing in him to be transmitted to the executor. The exclusion of
 
 Wyriott
 
 from any part, is only in favor of the surviving brother, and there being none such, he takes the whole.
 

 Per Curiam. — Judgment .abetrmed.